IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENICE DIXON, | No. CV 09-1694 CRB |
| Plaintiff, | **ORDER GRANTING SUMMARY JUDGMENT** |
| v. | |
| UNITED STATES POST OFFICE, METROPOLITAN LIFE INSURANCE COMPANY | |
| Defendant. | |

Now before this Court is the United States Post Office's ("USPS") motion for summary judgment. Plaintiff Dixon and Metropolitan Life Insurance Company ("MetLife") have stipulated to a dismissal of Plaintiff's claims against MetLife. As to USPS's motion, summary judgment is granted to USPS on the contract claim, and the second claim is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff was the second wife of Raymond Patrick Dixon ("the Decedent"). The Decedent was employed by the USPS for eighteen years. Comp. ¶¶ 1-2. Plaintiff was insured by a life insurance policy issued under the Federal Employees' Group Life Insurance Act ("FEGLI"). Id. ¶ 2; see 5 U.S.C. §§ 8701-8716. Defendant MetLife issued the policy that insured Decedent's life. Comp. ¶ 3.

On April 27, 2007, the Decedent passed away. Id. ¶ 7. Plaintiff believes that she "was the person designated by Decedent as the beneficiary of his group life insurance policy." Id. ¶ 8. Indeed, Plaintiff received the basic benefit due under the life insurance policy, a payment in the sum of $51,000. Id. Plaintiff further alleges that the Decedent had elected various optional coverages under his policy, and that these optional coverages should have paid her additional benefits in the amount of $57,000. Id. ¶ 9. However, Defendant MetLife denied Plaintiff's insurance claim, and instead paid that amount to Decedent's first wife.

Plaintiff also alleges that "[a]t the time of his death, the Decedent had owing to him wages and outstanding sick leave, annual leave, and holiday leave from the United States of America." Id. ¶ 15. In her complaint, Plaintiff alleges that she was designated by the Decedent to receive the payout of his unpaid wages, leave, and holidays. Id. Alternatively, even if she was not so designated, Plaintiff claims that she has a community property interest in half of his wages. Id. ¶ 16.

Plaintiff has submitted a declaration in support of her opposition to the defendants' motions for summary judgment. She explains that in January of 1999, she and her husband - the Decedent - went to the personnel department of the Oakland, California, U.S. Post Office in order to select Plaintiff as the beneficiary of the Decedent's Federal Employees Life Insurance Policy. Dixon Decl. ¶¶ 3-5. Plaintiff assisted her husband in filling out the form, and then submitted it to a Post Office employee. Id. ¶ 5. Plaintiff further explains that the Decedent asked the Post Office employee for a copy of the designation, but was told that he was not permitted to have one. Id. ¶ 7. Plaintiff attaches a copy of the life insurance election form as an exhibit, but never received a copy of the change of beneficiary form.

## DISCUSSION

Defendant USPS moves for summary judgment. The thrust of Plaintiff's opposition is that some negligent act must be responsible for the failure of the Post Office to retain a copy of the Decedent's change of beneficiary for his life insurance policy. However, the complaint does not allege any tort claim. Because there is no evidence support a claim for

2

breach of contract, the first cause of action fails.  As for the second cause of action – Plaintiff's entitlement to Decedent's wages – Plaintiff has failed to establish that the Federal Government has waived its sovereign immunity for this claim.  Plaintiff's opposition discusses the waiver contained in FEGLI, but this second claim has nothing to do with the Decedent's life insurance policy, but rather his unpaid wages.  FEGLI's waiver of sovereign immunity cannot be so broad.

**1. Breach of Contract**

Plaintiff's first cause of action alleges that "[t]he failure by [MetLife] and the United States of America to pay the claim of Plaintiff constitutes a breach of contract by the Defendants."  Comp. ¶ 12.  As explained, the parties have stipulated to dismissal of the claim against MetLife, leaving only USPS as a defendant.  The United States has waived sovereign immunity in cases where a contract exists between the federal government and a private person.  See 28 U.S.C. § 1491.  However, in Plaintiff's opposition she concedes that there was no contract between the United States and Plaintiff.  Therefore, the contract claim against the Post Office fails.

**2. Plaintiff's entitlement to the Decedent's accrued wages, sick leave, annual leave, and holiday leave**

Plaintiff's complaint alleges that "Plaintiff is the person designated by the Decedent to receive [the Decedent's] unpaid wages, leave, and holidays."  Comp. ¶ 16.  However, Plaintiff fails to establish that the federal government has waived its sovereign immunity for this claim.

Plaintiff sues the federal government, and therefore bears the burden of showing an unequivocal waiver of immunity.  West v. Federal Aviation Admin., 830 F.2d 1044, 1046 (9th Cir. 1987).  As explained above, for contract actions between the federal government and a private person, Congress has explicitly waived sovereign immunity.  However, Plaintiff has made no argument as to how immunity has been waived for purposes of this claim.  Plaintiff's opposition discusses the waiver contained in 5 U.S.C. § 8715, but that pertains only to breach of legal duties establish by the Federal Employee's Group Life

3

1 Insurance Act ("FEGLIA").  This claim, however, does not involve insurance.  Rather, her
2 claim concerns Decedent's unpaid wages, accrued sick leave, etc.  Because Plaintiff has
3 failed to meet her burden of showing an unequivocal waiver of sovereign immunity, this
4 Court does not have jurisdiction over this claim.  Therefore, Plaintiff's second claim must be
5 dismissed for lack of subject matter jurisdiction.

## CONCLUSION

In Plaintiff's opposition, as in her counsel's recently filed declaration, she adopts the terminology and framework of a tort action.  This Court makes no comment on the merits of such an action, because it is not properly raised.  The Complaint makes no reference to tort liability, and such an argument cannot be raised for the first time in the moving papers at summary judgment.

**IT IS SO ORDERED.**

Dated: December 21, 2009         CHARLES  R. BREYER
                                 UNITED STATES DISTRICT JUDGE